UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   6/14/2024
```

DANNY VEGA,

                            Plaintiff,

             -against-

UNITED STATES,

                            Defendant.

24-MC-00262 (MMG)

ORDER OF DISMISSAL

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is appearing *pro se*, initiated this matter as a miscellaneous case, for which he paid a filing fee."[1]  In addition to the case initiating document, Plaintiff also submits numerous other applications.  *See generally* Dkt. No. 1.

A recent district court decision explains that "[t]he District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket."  *In re Varholy*, No. 3:23-MC-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023).  That decision lists the limited matters where assignment of a miscellaneous case number is proper, including matters where the plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03.a.1.(ii)-(xvi)).

---

[1] The filing fee for a miscellaneous case is $52.00, whereas the fees for commencing a civil action are $405.00.

In this action, Plaintiff requests "Restoration of Former Status From Being a Public 'United States' citizen . . . To Becoming Once Again Postliminy A Pre-March 9, 1933, Private Citizen of the United States Private American National/Non-'U.S. citizen' Pursuant to Section 1 [of the] Fourteenth Amendment[.]"  Dkt. No. 1 at 1.

The relief that Plaintiff seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper.  Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.[2]

The dismissal of this matter without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

## CONCLUSION

This action is dismissed without prejudice on the ground that it is not a proper miscellaneous case.

---

[2] Plaintiff is not entitled to a refund of the filing fee.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: June 14, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge